[743 NYS2d 745]

In the Matter of GILBERT N. GREENBERG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 10, 2002

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset (*Stacey J. Sharpelletti* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated December 21, 2001, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), upon a prima facie finding

that he was guilty of professional misconduct immediately threatening the public interest in that he obstructed the legitimate function of the petitioner in its investigation of complaints against him. This Court directed the respondent to appear at the petitioner's offices within 20 days to testify with respect to pending complaints and to bring with him all relevant books and records. This Court also, on its own motion, authorized the petitioner to institute and prosecute a disciplinary proceeding against the respondent, with a petition to be served within 20 days, and an answer 10 days thereafter. The Court also referred the matter to the Honorable Joseph A. Esquirol, Jr., as Special Referee, to hear and report.

The petitioner now moves to disbar the respondent based upon his failure to serve an answer to the petition.

On January 16, 2002, the petitioner personally served a notice of petition and petition upon the respondent at his personal residence. The respondent signed an admission of service on that date. To date, the respondent has failed to file an answer to the petition even though more than 10 days have elapsed since service.

Although personally served with the petitioner's notice of motion on February 5, 2002, the respondent has failed to submit any response thereto.

The charges of failure to cooperate emanate from the petitioner's investigation of four separate complaints which include allegations of the respondent's forgery and failure to turn over or otherwise account for the balance of proceeds due to his clients. In view of the respondent's default, the charges must be deemed established.

Under the circumstances, the petitioner's motion is granted, the respondent is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Gilbert N. Greenberg, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Gilbert N. Greenberg, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.